IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rudy Franco,<br><br>　　　　Petitioner,<br><br>vs.<br><br>Edward Bartos; et. al.,<br><br>　　　　Respondents. | No. CV 07-173-PHX-NVW (HCE)<br><br>**REPORT & RECOMMENDATION** |

Pending before the Court is Petitioner's *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Pursuant to the Rules of Practice of this Court, this matter was referred to the undersigned Magistrate Judge. For the following reasons the Magistrate Judge recommends that the District Court dismiss the Petition as untimely.

**I.    FACTUAL & PROCEDURAL BACKGROUND**

　　A.    State Proceedings

On August 10, 2004, the State of Arizona charged Petitioner with three counts of Sexual Conduct With A Minor (Counts 1, 2, and 4) and one count of Sexual Abuse Of A Minor (Count 3). (Answer, Ex. A) (Doc. No. 15) On November 19, 2004, Petitioner pled guilty to one count of sexual conduct with a minor (Count 1) and two counts of attempted sexual conduct with a minor (Counts 2 and 4). (Answer, Ex. B) On January 14, 2005, the

1  trial court sentenced Petitioner to a term of 20 years of imprisonment on Count 1 and to a
2  term of probation on Counts 2 and 4. (Answer, Ex. C)

3        On January 19, 2005, Petitioner filed a Notice of Post-Conviction Relief. (Answer,
4  Ex. D) On August 2, 2005 Petitioner filed his *pro se* Petition for Post-Conviction Relief
5  (hereinafter "PCR Petition"). (Answer, Ex. E) On October 28, 2005, the state trial court
6  dismissed Petitioner's PCR Petitioner for failure to present a colorable claim. (Answer, Ex.
7  G) On November 30, 2005 Petitioner filed a second Notice of Post-Conviction Relief which
8  the state court dismissed on December 13, 2005 because Petitioner's claims "either were or
9  should have been raised in his first Rule 32 [i.e., post-conviction relief] proceeding."
10 (Petition, attachment page 25 of 30; Answer, Ex. H, I)  Petitioner did not appeal the state
11 court orders regarding his PCR petitions or seek other collateral review in the state court.
12 (Answer, p. 2 & Ex. I)

13     B.    Federal Proceeding

14       The instant *pro se* Petition for federal habeas relief was signed by Petitioner on
15 January 14, 2007 and filed-stamped by the Clerk of the Court on January 25, 2007. (Doc. No.
16 1)  A federal habeas petition is deemed filed when handed by the inmate to a prison official
17 for mailing. *See Houston v. Lack,* 487 U.S. 266, 270-271 (1988); *Patterson v. Stewart,* 251
18 F.3d 1243, 1245 n.2 (9th Cir. 2001) ("Under the prison mailbox rule...a *pro se* petitioner's
19 petition is deemed constructively filed at the moment it is delivered to prison officials to be
20 forwarded to the court clerk.")  The Court deems the Petition commencing this action as filed
21 on January 14, 2007.  *See id.*

22       Petitioner raises the following grounds for relief:

23     1.    His conviction or sentence violated the "Fifth Amendment provision for
24           compulsory self incrimination without due process of the laws" in that he
25           alleges that his attorney coerced him into signing the plea agreement (Petition,
26           p. 5);

27     2.    Ineffective assistance of counsel (Id. at pp. 6, 10)

28

3.  His conviction or sentence violated the "Sixth Amendment provision for compulsory process for obtaining witnesses and confronting witnesses" (Id. at p.7); and

4.  His conviction or sentence violated the Fourteenth Amendment, Section 1, in that the trial court denied his constitutional rights at every stage of his court proceeding (Id. at pp.8, 11-10).

On July 10, 2007, Respondents filed their Answer wherein they argued that the Petition is untimely.[1]  Petitioner did not file a reply.[2]

## II.  DISCUSSION

Respondents argue that Petitioner's Petition is time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA").

The Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA") "imposes a one-year statute of limitations on habeas corpus petitions filed by state prisoners in federal court." *Malcom v. Payne,* 281 F.3d 951, 955 (9th Cir. 2002) (citing 28 U.S.C. § 2244(d)(1))  Pursuant to section 2244, the limitations period

> shall run from the latest of–
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been

---

[1] Respondents also point out that Petitioner failed to exhaust his claims because he did not present any of his claims to the state appellate courts. (Answer, p.7 n.3 (citations omitted))  Because the instant matter can be resolved on statute of limitations grounds, the Court does not address Respondents' argument regarding exhaustion.

[2] Petitioner filed a Motion to Stay (Doc. No. 16) so that he could exhaust state court remedies.  The Court denied Petitioner's Motion as premature in light of the statute of limitations issue and granted Petitioner an extension of time to file his Reply. (Doc. No. 18 (noting that if the Petition is untimely as Respondents contend, then a stay would be unwarranted))

- 3 -

>    newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1)(A)-(D).

As discussed *infra*, the statute of limitations may be statutorily or equitably tolled. *Malcom*, 281 F.3d at 955.

A.  Commencement of limitations period under 28 U.S.C. § 2244(d)(1)

For Arizona criminal defendants, like Petitioner herein, who stand convicted pursuant to a guilty plea, the AEDPA statute of limitations does not begin to run "until the conclusion of the Rule 32 of-right proceeding and review of that proceeding, or until the expiration of the time for seeking such proceeding or review." *Summers v. Schriro,* 481 F.3d 710, 711 (9th Cir. 2007) (holding that Arizona's Rule 32 of-right proceeding for plea-convicted defendants is a form of direct review within the meaning of 28 U.S.C. § 2244(d)(1)).

Petitioner filed a Rule 32 of-right proceeding when he initiated his first PCR Petition in January 2005. That proceeding concluded in the trial court on October 28, 2005. (Answer, Ex. G) Petitioner had 30 days to seek appellate-court review of the trial court's dismissal of his PCR Petition, but he did not seek such review. *See* Ariz.R.Cr.P. 32.9(c). Thus, Petitioner's conviction and sentence became final on November 28, 2005– thirty[3] days after the trial court dismissed Petitioner's PCR Petition– when Petitioner's opportunity to petition the Arizona Court of Appeals for review expired. Although direct review is not normally complete until the time for filing a petition for writ of *certiorari* before the United States Supreme Court has expired, *see Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999), *certiorari* can only be sought following a decision or denial of discretionary review by the state court of last resort. *See* SupCt.R.13. Because Petitioner did not seek appellate review, the 90-day period for seeking *certiorari* does not apply. Accordingly, Petitioner was

---

[3] Because the thirtieth day fell on Sunday, November 27, 2005, the Court uses Monday, November 28, 2005 for the calculation.

- 4 -

required to file his petition for writ of habeas corpus within 1 year of the date his conviction became final. Thus, Petitioner had until November 29, 2006 to seek federal habeas relief. *See Patterson,* 251 F.3d at 1246-1247. The instant Petition, deemed filed on January 14, 2007, is therefore time-barred unless an alternative calculation for the commencement date of the statute of limitations applies or unless the limitations period is tolled. Petitioner does not suggest an alternative calculation of the commencement date of the AEDPA, nor does the record support application of 28 U.S.C. § 2244(d)(1)(B)-2244(d)(1)(D). Therefore the instant Petition is time-barred unless Petitioner can establish that the limitations period was tolled in such a way as to make his Petition timely.

B.     Statutory tolling

The AEDPA limitations period is statutorily tolled when a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending...." 28 U.S.C. § 2244(d)(2).

Petitioner filed a Second Notice of Post-Conviction Relief on November 30, 2005. On December 13, 2005, the state court dismissed the Second Notice as untimely. (Answer, Ex. H) Generally, an untimely notice of post-conviction relief is not considered to be properly filed and, therefore, does not result in statutory tolling. *See Rotondo v. Schriro,* 2007 WL 1296985 *4  (D.Ariz. Apr. 30, 2007) (*citing Pace v. DiGuglielmo,* 544 U.S. 408, 408-409 (2005); *Artuz v. Bennett,* 531 U.S. 4, 8 (2000)). Moreover, even if the Court were to toll the AEDPA statute of limitations for the fourteen-day period during which Petitioner's Second Notice of Post-Conviction Relief was pending (from November 30, 2005 to December 13, 2005), the Petition is still untimely. Under such calculation, the limitations period commenced running on November 29, 2005, was tolled between November 30, 2005 when Petitioner filed his Second Notice and December 13, 2005 when such Notice was dismissed, and resumed on December 14, 2005. *See Evans v. Chavis,* 546 U.S. 189, 191 (2006) (with regard to statutory tolling under section 2244(d)(2) only a timely appeal tolls the AEDPA's 1-year limitations period for the time between the lower court's adverse decision and the filing of a notice of appeal in the higher court.) Thus, under such

1  calculation, the AEDPA limitations period expired on December 14, 2006. Petitioner's
2  federal habeas petition was filed after the AEDPA statute of limitations expired.
3  Consequently, the Petition is time-barred unless equitable tolling applies.

### C.     Equitable tolling[4]

Equitable tolling may apply if a petitioner has been pursuing his rights diligently, and some extraordinary circumstance beyond his control make it impossible to file a petition on time. *Pace,* 544 U.S. at 418; *Harris,* 515 F.3d at 1054. Petitioner must also establish a "causal connection" between the extraordinary circumstance and his failure to file a timely petition. *Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir.2007). Further, a petitioner's "lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." *Rasberry v. Garcia,* 448 F.3d 1150, 1154 (9th Cir. 2006); *see also Fisher v. Johnson,* 174 F.3d 710, 714-716 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not" warrant equitable tolling of the AEDPA statute of limitations).

Respondents correctly point out that "Petitioner has not asserted a basis for equitable tolling, and no extraordinary circumstances or due diligence are discernible from the record before the Court." (Answer, p. 6)  Petitioner raised no grounds for equitable tolling in his petition and he did not file a reply.   Because Petitioner has failed to demonstrate that he diligently pursued his rights and that extraordinary circumstances prevented him from filing a timely federal habeas petition, the AEDPA statute of limitations is not subject to equitable tolling in Petitioner's case. Consequently, the instant Petition must be dismissed as untimely.

---

[4] In the wake of *Bowles v. Russell*, ___ U.S. ___, 127 S.Ct. 2360 (2007), the availability of equitable tolling may be in question. *But see Lopez v. Bock,* 2008 WL 2545073 *3 (D.Ariz. June 23, 2008) (rejecting magistrate judge's recommendation "that equitable tolling is...not available" in light of *Bowles* and noting that "the Ninth Circuit has continued to apply equitable tolling to the AEDPA's statute of limitations post-*Bowles.*" ) (*citing Harris v. Carter,* 515 F.3d 1051, 1054, n.4 (9th Cir. 2008)). As discussed *infra*, this Court need not resolve the issue "because even assuming equitable tolling remains viable after *Bowles,*...Petitioner does not satisfy the requirements for such tolling." *Faulkner v. Schriro*,  2008 WL 4138120 *8 (D.Ariz. Sept. 3, 2008).

### III.     RECOMMENDATION

For the foregoing reasons, the Magistrate Judge recommends that the District Court dismiss Petitioner's Petition for Writ of Habeas Corpus (Doc. No. 1) as untimely.

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within ten days after being served with a copy of this Report and Recommendation.  A party may respond to another party's objections within ten days after being served with a copy thereof. Fed.R.Civ.P. 72(b).  If objections are filed, the parties should use the following case number: **CV 07-173-PHX-NVW.**

If objections are not timely filed, then the parties' right to *de novo* review by the District Court may be deemed waived.  *See United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir.) (*en banc*), *cert. denied,* 540 U.S. 900 (2003).

DATED this 17th day of November, 2008.

_____
Héctor C. Estrada
United States Magistrate Judge